**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Vickie Kelly, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   2:19-cv-110-KS-MTP |
| Contract Callers, Inc., a Georgia corporation, | ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

### CLASS ACTION COMPLAINT

Plaintiff, Vickie Kelly, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

### PARTIES

3.      Plaintiff, Vickie Kelly ("Kelly"), is a citizen of the State of Mississippi, residing in the Southern District of Mississippi, from whom Defendant attempted to collect a defaulted consumer debt.

4.      Defendant, Contact Callers, Inc. ("CCI"), is a Georgia corporation, that acts as a

debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Defendant CCI operates a nationwide defaulted debt collection business and attempts to collect defaulted debts from consumers in virtually every state, including consumers in the State of Mississippi. In fact, Defendant CCI was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

5.      Defendant sent Ms. Kelly a form collection letter, dated February 1, 2019, which stated:

|   |   |
|---|---|
| Current Creditor: | Second Round, LP |
| Original Creditor: | Second Round Sub, LLC |

A copy of Defendant's letter is attached as Exhibit A.

6.      In fact, Second Round Sub was never the "original" creditor to whom Ms. Kelly owed a debt. Ms. Kelly is informed and believes through her counsel that the original creditor for the account at issue was Comenity Bank for a Woman Within credit account.

7.      Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Moreover, the mis-identification of creditor information is such a factor because, amongst other things, it is a factor for a consumer in determining whether an attempt to collect a debt is fraudulent, see, Tourgeman v. Collins Fin. Servs., 755 F.3d 1109, 1120-1122 (9th Cir. 2014), and Janetos v. Fulton, Friedman & Gullace, 825 F.3d 317, 324-325 (7th Cir. 2016).

8.      Defendant's letter alarmed and confused Ms. Kelly because she never had an

account with Second Round Sub.

9.      Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

10.      Defendant's collection communications are to be interpreted under an unsophisticated or least sophisticated consumer standard, see, Goswami v. Am.Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); McMurray v. ProCollect, Inc., 687 F.3d 665, 669 (5th Cir. 2012).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False, Deceptive Or Misleading Collection Actions**

11.      Plaintiff adopts and realleges ¶¶ 1-10.

12.      Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt, see, 15 U.S.C. § 1692e.

13.      Making a false statement as to the name of the original creditor is a materially misleading statement, which violates of § 1692e of the FDCPA, see, Tourgeman, 755 F.3d at 1120-1122. By stating that Second Round Sub, LLC was the original creditor when, in fact, it was not, Defendant's letter violated § 1692e of the FDCPA.

14.      Defendant's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

15.      Plaintiff adopts and realleges ¶¶ 1-10.

16.      Section 1692f of the FDCPA prohibits a debt collector from using any unfair or

unconscionable means to collect or attempt to collect a debt, <u>see</u>, 15 U.S.C. § 1692f.

17.     Defendant, by wrongly stating that Second Round Sub was the original creditor when, in fact, it was not the original creditor, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

18.     Defendant's violation of § 1692f of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

19.     Plaintiff, Vickie Kelly, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Mississippi from whom Defendant attempted to collect a defaulted consumer debt, via the same form collection letter (Exhibit <u>A</u>), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letter violates the FDCPA and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

20.     Defendant regularly engages in debt collection, using the same form collection letter it sent Ms. Kelly, in its attempts to collect defaulted consumer debts from other consumers.

21.     The Class consists of more than 35 persons from whom Defendant attempted to collect defaulted consumer debts by sending other consumers the same form collection letter it sent Ms. Kelly.

22.     Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

23.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner

applicable to the Class as a whole, such that declaratory relief is warranted.

24.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Vickie Kelly, individually and on behalf of all others similarly situated, prays that this Court:

1.     Certify this action as a class action;

2.     Appoint Plaintiff as Class Representative of the Class, and her attorneys as Class Counsel;

3.     Find that Defendant's form collection letter violates the FDCPA;

4.     Enter judgment in favor of Plaintiff and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5

5.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Vickie Kelly, individually and on behalf of all others similarly situated,

demands trial by jury.

Vickie Kelly, individually and on behalf of
all others similarly situated,

By: /s/ Bradford W. Botes_____
One of Plaintiff's Attorneys

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: August 7, 2019

Edwin Woods, Jr.      (Miss. Bar No. 8893)
Bond, Botes & Woods, P.C.
5760 I-55 North Frontage Road
Suite 100
Jackson, Mississippi 39211
(601) 353-5000
ewoods@bondnbotes.com

Bradford W. Botes     (Miss. Bar No. 100964)
Bond, Botes, Reese & Shinn, P.C.
15 Southlake Lane
Suite 140
Birmingham, Alabama 35244
(205) 802-2200
(205) 870-3698 (FAX)
bbotes@bondnbotes.com

David J. Philipps       (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps        (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com