IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**VICKIE KELLY, individually and on
behalf of other similarly situated**                                    **PLAINTIFF**

**v.**                              **CIVIL ACTION NO. 2:19-CV-110-KS-MTP**

**CONTRACT CALLERS, INC.**                                    **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **grants** Plaintiff's Motion for Class Certification [16].

### I. BACKGROUND

This case arises under the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff alleges that Defendant operates a nationwide debt collection business, attempting to collect defaulted consumer debts in virtually every state. She alleges that Defendant sent her a form collection letter on February 1, 2019, which incorrectly identified her original creditor. She contends that the letter violated 15 U.S.C. § 1692e because it contained a false or misleading representation in connection with the collection of a debt, and that the letter constituted an unfair or unconscionable means to collect a debt in violation of 15 U.S.C. § 1692f. Specifically, Plaintiff alleges that the form misidentified her original creditor as "Second Sub, LLC," when it was, in fact, Comenity Bank for an account with "Woman Within," an

online clothing seller.[1]  Plaintiff now seeks certification of a class of all persons in the state of Mississippi from whom Defendant attempted to collect a defaulted consumer debt by using the same form collection letter from one year prior to the filing of this action to present.

## II. DISCUSSION

Class certification is "proper only where the trial court is satisfied, after a *rigorous analysis*, that" Rule 23's "requirements are met." *Chavez v. Plan Benefit Servs., Inc.*, --- F.3d ---, 2020 WL 2046545, at *2 (5th Cir. Apr. 29, 2020). The party seeking certification has the burden of proof. *Bell Atl. Corp. v. AT&T Corp.*, 339 F.3d 294, 301 (5th Cir. 2003). "Rule 23 does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011). Rather, "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Id.* "[S]ometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question . . . ." *Id.* The Court should "seek to understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination." *Chavez*, 2020 WL 2046545 at *2. "The judge cannot merely review a complaint and ask whether, taking the facts as the

---

[1] *See* Exhibit A to Reply at 2, *Kelly v. Contract Callers, Inc.*, No. 2:19-CV-110-KS-MTP (S.D. Miss. Feb. 26, 2020), ECF No. 21-1; Exhibit A to Complaint, *Kelly v. Contract Callers, Inc.*, No. 2:19-CV-110-KS-MTP (S.D. Miss. Aug. 7, 2019), ECF No. 1-2.

party seeking the class presents them, the case *seems* suitable for class treatment. Much more is needed." *Id.*

Therefore, the Court must "detail with specificity its reasons for certifying" and "explain and apply the substantive law governing the plaintiffs' claims to the relevant facts and defenses, articulating why the issues are fit for classwide resolution." *Id.* The Court "should respond to the defendants' legitimate protests of individualized issues that could preclude class treatment," and it "must stay close to the facts and law of the case," avoiding "generalizations about what types of disputes may be fit for a class." *Id.* Rigorous analysis is necessary because "a class action is an exception to the general rule that litigation is conducted by and on behalf of the individual named parties only." *Id.* at *3.

Rule 23 provides, in relevant part:

(a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

> (1) the class is so numerous that joinder of all members is impracticable;

> (2) there are questions of law or fact common to the class;

> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

> (4) the representative parties will fairly and adequately protect the interests of the class.

(b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if:

* * *

3

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members' interest in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

FED. R. CIV. P. 23(a), (b).

## A.    *Numerosity*

First, Rule 23 requires Plaintiff to prove that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). To satisfy this requirement, "a plaintiff must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members." *Ibe v. Jones*, 836 F.3d 516, 528 (5th Cir. 2016). However, "the number of members in a proposed class is not determinative of whether joinder is impracticable." *Id.* "Rather, a number of facts other than the actual or estimated number of purported class members may be relevant to the numerosity question; these include, for example, the geographical dispersion of the class, the ease with which class members may be identified, the nature of the cause of action, and the size of each plaintiff's claim." *Id.* In most cases,

however, "the numerosity element is met if the potential number of plaintiffs exceeds forty." *Hackler v. Tolteca Enters., Inc.*, 2019 WL 7759523, at *3 (W.D. Tex. Sept. 9, 2019).

Plaintiff argues that joinder of all class members is impracticable because Defendant produced a list of 221 persons in Mississippi to whom it sent a form debt collection letter identical to the letter it sent her. The Court agrees. The number of potential plaintiffs makes joinder impracticable. Identifying class members will not be a problem because Defendant has already produced a list of the potential class members. The nature of the cause action makes it generally amenable to class resolution in that Plaintiff's claim is relatively narrow, hinging on one specific question of fact: whether Defendant sent a debt collection form letter that misidentified the debtor's original creditor. Finally, the size of each plaintiff's potential claim is not significant. In the Court's experience, FDCPA claims of this sort only generate nominal statutory damages and relatively low fees. For these reasons, the Court concludes that Plaintiff has satisfied the numerosity requirement.

**B.    *Commonality***

"Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury." *Ibe*, 836 F.3d at 528. "Dissimilarities between class members should be considered to determine whether a common question is truly presented," and "[e]ven a single common question of law or fact can suffice to establish commonality, so long as resolution of that question will resolve an issue that is central

to the validity of each one of the class member's claims in one stroke." *Id.*

In this case, the commonality requirement has been met because it is apparently undisputed that each potential class member received a copy of the same identical form letter that allegedly misidentified their original creditor as Second Sub, LLC. This is the key factual issue in the case, and the claims of each class member hinge on the legal question as to whether the form letter constitutes a violation of 15 U.S.C. § 1692e or § 1692f.

### C.    *Typicality*

"The typicality inquiry rests less on the relative strengths of the named and unnamed plaintiffs' cases than on the similarity of legal and remedial theories behind their claims." *Id.* at 529. Plaintiff has asserted an identical claim to those in the proposed class. Therefore, the typicality requirement has been met.

### D.    *Adequacy*

Rule 23(a)(4) requires that the "representative parties . . . fairly and adequately protect the interest of the class." FED. R. CIV. P. 23(a)(4). The adequacy inquiry "requires the class representatives to possess a sufficient level of knowledge and understanding to be capable of controlling or prosecuting the litigation." *Ibe*, 836 F.3d at 529. This requirement "encompasses class representatives, their counsel, and the relationship between the two." *Stirman v. Exxon Corp.*, 280 F.3d 554, 563 (5th Cir. 2002). It "mandates an inquiry into the zeal and compentence of the representative's counsel and into the willingness and ability of the representative to

take an active role in and control the litigation and to protect the interests of absentees." *Jones v. Singing River Health Servs. Found.*, 865 F.3d 285, 294 (5th Cir. 2017).

Plaintiff's declaration, presented in support of her reply, establishes that she will adequately protect the interest of the class. She has sufficient knowledge of the nature of her claims. She has the same pecuniary interest in this litigation as the proposed class, in the form of statutory damages. She is also aware of and willing to shoulder the responsibility of being a class representative, including the normal obligations of litigation. Exhibit A [21-1].

As for counsel's adequacy, when appointing class counsel the Court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

FED. R. CIV. P. 23(g)(1)(A).

One of Plaintiff's counsel presented a declaration establishing that he has been class counsel in over 200 FDCPA class actions, each of which was settled, demonstrating his extensive experience in this area of law. Exhibit 1 to Motion for Class Certification, *Kelly v. Contract Callers, Inc.*, No. 2:19-CV-110-KS-MTP (S.D.

Miss. Jan. 24, 2020), ECF No. 16-1. He has had numerous speaking engagements regarding FDCPA, demonstrating that he possesses recognized knowledge and proficiency in the practice area. *Id.* His firm has two other attorneys, a law clerk, and three paralegals – sufficient staff for a case of this sort, with simple factual and legal questions. *Id.* In the Court's opinion, Plaintiff has demonstrated that her counsel will fairly and adequately represent the interests of the class.

## E.    *Predominance*

Rule 23(b)(3) requires the Court to find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). The predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 253 (5th Cir. 2020). "In order to predominate, common issues must constitute a significant part of the individual cases." *Ibe*, 836 F.3d at 529. It is a "far more demanding hurdle than Rule 23(a)'s commonality requirement." *Cruson*, 954 F.3d at 253.

"An individual question is one where members of a proposed class will need to present evidence that varies from member to member, while a common question is one where the same evidence will suffice for each member to make a prima facie showing or the issue is susceptible to generalized, class-wide proof." *Tyson Foods, Inc.*

*v. Bouaphakeo*, --- U.S. ---, 136 S. Ct. 1036, 1045, 194 L. Ed. 2d 124 (2016). In other words, if "one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members." *Id.* The Court must identify "the substantive issues that will control the outcome," assess "which issues will predominate," and determine "whether the issues are common to the class . . . ." *Cruson*, 954 F.3d at 254.

One substantive factual question will control the outcome of this litigation, and it is the same for every class member: did each class member receive a copy of the form collection letter from Defendant that misidentifies the member's original creditor? This question of fact is common to the class, and it predominates over any other issues in the case. In fact, it is arguably the only relevant factual issue in the case.

### III. CONCLUSION

For these reasons, the Court **grants** Plaintiff's Motion for Class Certification [16]. The Court hereby certifies the following class: all persons in the State of Mississippi from whom Defendant attempted to collect a defaulted consumer debt with the same form collection letter that Defendant sent to the representative Plaintiff, from one year before the date of this Complaint to present.

SO ORDERED AND ADJUDGED this 6th day of May, 2020.

9

/s/     Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE