IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**VICKIE KELLY, individually and on behalf of all others similarly situated,**                                    PLAINTIFF

v.                                                                    CIVIL ACTION No.  2:19-cv-110-MTP

**CONTRACT CALLERS, INC.**                                                                    DEFENDANT

ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

This cause came before the Court on October 26, 2020, for a fairness hearing, for Final Approval of the Class Action Settlement, dismissal of this action pursuant to the terms of the Motion for Final Approval of Class Action Settlement [Dkt. 34], and on the Motion to Award Attorneys' Fees and Costs [Dkt. 33]. Due notice having been given, and the court being duly advised in the premises:

THE COURT HEREBY FINDS THAT:

1. On May 6, 2020, a class was certified in this matter. (Dkt. 24).

2. On May 19, 2020, the parties entered into a Class Action Settlement Agreement ("Settlement Agreement").

3. On July 27, 2020, that Settlement Agreement was, pursuant to F.R.C.P. 23, preliminarily approved and notice was sent to the Class. (Dkt. 30).

4. Pursuant to ¶ 10 of the Settlement Agreement, the Notice of Class Action Settlement was mailed by Class Counsel, to each of the approximately 204 members of the Class via the U.S. Postal Service. (Dkt. 31).  In response to this mailing, 1 Address Update Form was received from a class member; 1 envelope was returned by the United States Postal Service with

a forwarding address and re-mailed; 18 were returned by the U.S. Postal Service as undeliverable with no forwarding information; however, those 18 returned envelopes were re-mailed to secondary addresses obtained from the LexisNexis' Accurint database system, out of these, 7 were returned with no additional addresses.  Therefore, Class Counsel wrote to the local U.S. Postmasters for these 7 class members to request any new information and was informed by the local U.S. Postmasters that there were no additional addresses on file.  (Dkt. 32).

     5.     No objections were received, no members of the Class sought leave of this Court to intervene, no objectors or class members appeared at the hearing on October 26, 2020, and no members of the Class opted-out of this action, while 197 Class members' notices were not returned as undeliverable.  (Dkt. 32).

     6.     Though no objections were received, Plaintiff's counsel disclosed at the fairness hearing on October 26, 2020 that counsel and members of his staff received several phone inquiries from class members who asked about the proceedings and wanted additional information about when their settlement funds would be received.   No class member who inquired raised an objection to the proposed settlement.

     7.     The Complaint in this action alleged that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

     8.     Defendant denies that it has in any way violated the FDCPA and asserts that it has viable defenses which were identified and addressed at the hearing.

     9.     The Complaint sought recovery of statutory damages pursuant to § 1692k of the FDCPA.  Under § 1692k, the maximum statutory damages recoverable by an individual plaintiff is $1,000 and the maximum statutory damages recoverable by a class is the lesser of 1% of the Defendant's net worth or $500,000.  Here, 1% of Defendant's net worth is about $85,000.

10. The Settlement Agreement sets forth that Defendant has agreed to change the form of the collection letter, pay $1,000 to the Class Representative, Vickie Kelly for statutory damages, and pay $50,000 to the Class, which will be distributed pro-rata to each of the 197 class members who did not exclude themselves from this action and whose class notice was not returned as undeliverable; any unclaimed funds will be paid to Mississippi Center for Legal Services Corporation, as a *cy pres* remedy.

11. The Court finds that the settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of the Settlement Agreement are fair, reasonable and adequate to Plaintiff and all members of the Class. In addition to the other facts stated herein, the Court finds the Settlement Agreement to be particularly fair, adequate and reasonable in light of the risk of establishing liability and the expense of further litigation.

12. In support of its findings, the Court considered and applied the *Reed* Factors including: (1) the possibility of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members. *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983).

13. The parties represented to the Court at the fairness hearing that they are not aware of any actual damages incurred by Class Members arising from the alleged violation of the FDCPA.

14. Pursuant to ¶ 8 of the Settlement Agreement, the $50,000 Class settlement fund shall be distributed, within 21 days of the final approval of the settlement, by Class Counsel, as set forth above, by U.S. Mail to each of the members of the Class who did not exclude themselves and who

returned the claim form, which will thus mean that the 197 class members, whose notice was not returned as undeliverable, will receive about $253.00 each. Any portion of the $50,000 which is unclaimed by the Settlement Class, because the Settlement check is returned as undeliverable and without a forwarding address, or because the check remains uncashed 60 days after distribution, or because money is left over after distribution, shall be distributed to the Mississippi Center for Legal Services Corporation, as a *cy pres* remedy. Pursuant to ¶ 9 of the Settlement Agreement, 120 days after final approval, Class Counsel shall provide the Court and Defendant's Counsel with a report regarding the number of checks that were returned or were not cashed and the amount distributed to the *cy pres* recipient.

15.     Pursuant to ¶ 7 of the Settlement Agreement, Defendant has agreed to pay $46,500 to Class Counsel for their attorneys' fees and costs and pay Class Counsel $1,500 for the costs of sending out the class notice, administering claims and distributing the settlement fund. Class Counsel has submitted a motion detailing their current hourly rates, the hours worked and costs incurred in this matter (Dkt. 33). The Court has reviewed Class Counsel's submission and, without adjudication whatsoever that the movant's requested hourly fees for attorneys and paralegals are reasonable and appropriate, approves the $46,500 amount that Defendant has agreed to pay to Class Counsel for their fees and costs and the $1,500 for the class notice/administration. The Court also considered in its analysis the risks incurred if the case did not settle or if the case proceeded to trial and did not result in a verdict favorable to the class. The Court finds Class Counsel's detailed billing to be sufficiently specific and appropriate based on the amount of work required to pursue, negotiate, and administer a class action matter of this scope.

16.     Pursuant to ¶ 8 of the Settlement Agreement, if no one intervenes or objects to this Settlement, Defendant shall pay to the Philipps & Philipps, Ltd., Fiduciary Account (E.I.N. 36-

4325073), within 14 days of final approval of this Settlement Agreement by the District Court, the amount of $99,000, for the amount due the Class Representative ($1,000), the Class ($50,000), for attorneys' fees and costs, ($46,500) and class notice/administration ($1,500), which amount will be held in trust until the 30-day appeal period has run.  If a Class Member objects or intervenes, then these amounts shall be paid within 14 days, after the appeal period has run; or, if any appeal is filed, then within 14 days of the final resolution of all appeals.

      17.      Moreover, pursuant to ¶ 9, within 120 days after final approval of this Settlement by the District Court, Class Counsel shall provide Defendant's Counsel and the Court with a report stating the number of Class Members' checks which were returned or remain uncashed, and shall pay to Mississippi Center for Legal Services Corporation any unclaimed portion of the Class Settlement Fund. The Court will also require Class Counsel to file proof of payment to Mississippi Center for Legal Services Corporation with the Court.

      IT IS, THEREFORE, ORDERED that:

1. The Settlement Agreement, dated May 19, 2020, is hereby approved.

2. Plaintiff and the Class shall be forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to, any State, Federal, or Foreign Court, against Contract Callers, Inc., its clients (Second Round, LP, and Second Round Sub, LLC) past or present parents, affiliates, subsidiaries, successors, predecessors, and assigns, and its present or former directors, officers, employees, partners, members, principals, employees, agents, insurers and attorneys (collectively referred to as the "Released Parties"), including any and all claims that were asserted or alleged or which could have been asserted or alleged in this lawsuit. The Released Parties shall be barred identically from pursuing any claim for relief

under 15 U.S.C. § 1692k(a)(3), 28 U.S.C. § 1927, or F.R.C.P. Rule 11, against Plaintiff, her Counsel, or any member of the Class arising out of the claims asserted or alleged, or which could have been asserted or alleged, against the Released Parties, in this action.

3. Defendant shall pay within 14 days of the date of this Order $99,000 to Class Counsel, for the amount due the Class Representative ($1,000), the Class ($50,000), for attorneys' fees and costs, ($46,500) and class notice/administration ($1,500), which amount will be held in trust until the 30-day appeal period has run. If a Class Member objects or intervenes, then these amounts shall be paid within 14 days, after the appeal period has run; or, if any appeal is filed, then within 14 days of the final resolution of all appeals. Moreover, within 120 days after final approval of this Settlement by the District Court, Defendant's Counsel shall provide Class Counsel and the Court with a report stating the number of Class Members' checks which were returned or remain uncashed, shall pay to Mississippi Center for Legal Services Corporation, any undistributed/unclaimed portion of the Class Settlement Fund, and shall file proof of such payment with the Court.

4. This Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

5. This action is hereby dismissed without prejudice and without costs. Upon filing of the final report as to the distribution of the settlement fund to the Class, this dismissal shall be converted into a dismissal with prejudice and this Court will no longer retain jurisdiction of this matter.

6. This order resolves all claims against all parties in this action.

THIS the 30th day of October, 2020.

                                                    s/ Michael T. Parker  
                                                    United States Magistrate Judge